MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MIGUEL NEPOMUCENO VALENCIA and
JUAN CARLOS VENANCIO
NEOPONUCENO, *individually and on behalf*
*of others similarly situated,*

                      *Plaintiffs,*

       -against-

DOUGHBOYS OF 3RD AVE, INC. (D/B/A
DOUGH BOYS PIZZA), DOUGH BOYS
PIZZA OF NYC INC.  (D/B/A DOUGH
BOYS PIZZA), VAN SELVARAJAH,
MARCUS LOREN, DUSHANTA N.
LAKSHANI KANNANGARA, VENI DOE,
and INFAS DOE,

                     *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiffs Miguel Nepomuceno Valencia and Juan Carlos Venancio Neoponuceno, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Doughboys of 3rd Ave, Inc. (d/b/a Dough Boys Pizza), Dough Boys Pizza of NYC Inc. (d/b/a Dough Boys Pizza), ("Defendant Corporations"), Van Selvarajah, Marcus Loren, Dushanta N. Lakshani Kannangara, Veni Doe, and Infas Doe, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are current and former employees of Defendants Doughboys of 3rd Ave, Inc. (d/b/a Dough Boys Pizza), Dough Boys Pizza of NYC Inc. (d/b/a Dough Boys Pizza), Van Selvarajah, Marcus Loren, Dushanta N. Lakshani Kannangara, Veni Doe, and Infas Doe.

2.       Defendants own, operate, or control a pizzeria, located at 451 3rd Avenue, New York, NY 10016 under the name "Dough Boys Pizza."

3.      Upon information and belief, individual Defendants Van Selvarajah, Marcus Loren, Dushanta N. Lakshani Kannangara, Veni Doe, and Infas Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs have been employed as delivery workers and a pizza preparer at the restaurant located at 451 3rd Avenue, New York, NY 10016.

5.      Plaintiffs have ostensibly been employed as delivery workers. However, they have been required to spend a considerable part of their work day performing non-tipped duties, including but not limited to preparing and baking pizza, handing pizzas to customers, frying chicken and mozzarella sticks, cutting and preparing vegetables, cleaning the bathrooms, garbage bins, and windows, sweeping the main floor, the front, and basement, mopping, deconstructing and tying boxes, organizing new inventory, washing dishes, bringing up items from the basement for the pizza makers, dishwashing, preparing dough for the pizzas, and cleaning the sidewalk (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they have worked.

7.      Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked and have failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they have had to work over 10 hours a day.

9.      Furthermore, Defendants have repeatedly failed to pay Plaintiffs wages on a timely basis.

10.     Defendants have employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality their duties have required a significant amount of time spent performing the non-tipped duties alleged above.

11.     Regardless, at all relevant times, Defendants have paid Plaintiffs at a rate that is lower than the required tip-credit rate.

12.     However, under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because Plaintiffs' non-tipped duties have exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.     Upon information and belief, Defendants have employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This has allowed Defendants to avoid paying Plaintiffs at the minimum wage rate and has enabled them to pay them at the tip-credit rate (which they still have failed to do).

14.     In addition, Defendants have maintained a policy and practice of unlawfully appropriating Plaintiffs' and other tipped employees' tips and have made unlawful deductions from these Plaintiffs' and other tipped employees' wages.

15.     Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

16.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

17.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

18.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

19.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

20.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants

operate a pizzeria located in this district. Further, Plaintiffs have been employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

21.     Plaintiff Miguel Nepomuceno Valencia ("Plaintiff Nepomuceno" or "Mr. Nepomuceno") is an adult individual residing in Bronx County, New York.

22.     Plaintiff Nepomuceno was employed by Defendants from approximately February 2017 until on or about March 2017 and from approximately April 2017 until on or about November 4, 2018.

23.     Plaintiff Juan Carlos Venancio Neoponuceno ("Plaintiff Venancio" or "Mr. Venancio") is an adult individual residing in Queens County, New York.

24.     Plaintiff Venancio has been employed by Defendants at Dough Boys Pizza from approximately December 2017 until on or about February 2018 and from approximately June 2018 until the present date.

### *Defendants*

25.     At all relevant times, Defendants own, operate, or control a pizzeria, located at 451 3rd Avenue New York, NY 10016 under the name "Dough Boys Pizza."

26.     Upon information and belief, Doughboys of 3rd Ave, Inc. (d/b/a Dough Boys Pizza) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 451 3rd Avenue, New York, NY 10016.

27.     Upon information and belief, Dough Boys Pizza of NYC Inc. (d/b/a Dough Boys Pizza) is a domestic corporation organized and existing under the laws of the State of New York.

Upon information and belief, it maintains its principal place of business at 451 3rd Avenue New York, NY 10016.

28.     Defendant Van Selvarajah is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Van Selvarajah is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Van Selvarajah possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

29.     Defendant Marcus Loren is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Marcus Loren is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Marcus Loren possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

30.     Defendant Dushanta N. Lakshani Kannangara is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Dushanta N. Lakshani Kannangara is sued individually in his capacity as a manager of Defendant Corporations. Defendant Dushanta N. Lakshani Kannangara possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages

and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

31.     Defendant Veni Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Veni Doe is sued individually in his capacity as a manager of Defendant Corporations. Defendant Veni Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

32.     Defendant Infas Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Infas Doe is sued individually in his capacity as a manager of Defendant Corporations. Defendant Infas Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

33.     Defendants operate a pizzeria located in the Kips Bay section of Manhattan in New York City.

34.     Individual Defendants, Van Selvarajah, Marcus Loren, Dushanta N. Lakshani Kannangara, Veni Doe, and Infas Doe, possess operational control over Defendant Corporations,

possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

35.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

36.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

37.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

38.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

39.     Upon information and belief, Individual Defendants Van Selvarajah and Marcus Loren operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)   failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)   defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)   transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

40.     At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

41.     In each year from 2017 to the present, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

42.     In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

43.     Plaintiffs are both current and former employees of Defendants who ostensibly have been employed as delivery workers. However, they have spent over 20% of each shift performing the non-tipped duties described above.

44.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Miguel Nepomuceno Valencia*

45.     Plaintiff Nepomuceno was employed by Defendants from approximately February 2017 until on or about March 2017 and from approximately April 2017 until on or about November 4, 2018.

46.     From approximately February 2017 until on or about March 2017, from approximately April 2017 until on or about April 12, 2018, and from approximately August 12, 2018 until on or about November 4, 2018, Defendants ostensibly employed Plaintiff Nepomuceno as a delivery worker, and from approximately April 13, 2018 until on or about August 11, 2018 as a pizza maker.

47.     However, when ostensibly employed as a delivery worker, Plaintiff Nepomuceno was also required to spend a significant portion of his work day performing the non-tipped duties described above.

48.     Although Plaintiff Nepomuceno ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

49.     Plaintiff Nepomuceno regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

50.     Plaintiff Nepomuceno's work duties required neither discretion nor independent judgment.

51.     Throughout his employment with Defendants, Plaintiff Nepomuceno regularly worked in excess of 40 hours per week.

52.     From approximately February 2017 until on or about March 2017 and from approximately April 2017 until on or about November 4, 2018, Plaintiff Nepomuceno worked from approximately 10:00 a.m. until on or about 11:00 p.m., Mondays, from approximately 5:00 p.m. until on or about 11:00 p.m., Wednesdays, from approximately 5:00 p.m. until on or about 3:00 a.m., Thursdays, from approximately 5:00 p.m. until on or about 5:00 a.m., Fridays and Saturdays, and from approximately 5:00 p.m. until on or about 11:00 p.m., Sundays, two weeks per month and from approximately 10:00 a.m. until on or about 11:00 p.m., Mondays through Wednesdays, from approximately 5:00 p.m. until on or about 3:00 a.m., Thursdays, from approximately 5:00 p.m. until on or about 5:00 a.m., Fridays and Saturdays, and from approximately 5:00 p.m. until on or about 11:00 p.m., Sundays for the other two weeks per month (typically 59 to 64 hours per week).

53.     Throughout his entire employment, Defendants paid Plaintiff Nepomuceno his wages in cash.

54.     From approximately February 2017 until on or about March 2017 and from approximately April 2017 until on or about June 2018, Defendants paid Plaintiff Nepomuceno $6.00 per hour.

55.     From approximately June 2018 until on or about November 4, 2018, Defendants paid Plaintiff Nepomuceno $7.00 per hour.

56.     Although Defendants granted Plaintiff Nepomuceno thirty-minute breaks, he was always interrupted to either perform one of the non-delivery duties or to make deliveries.

57.     Plaintiff Nepomuceno was never notified by Defendants that his tips were being included as an offset for wages.

58.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Nepomuceno's wages.

59.     Defendants withheld a portion of Plaintiff Nepomuceno's tips; specifically, Defendants withheld a considerable portion of the tips made from big deliveries.

60.     For example, on one occasion, customers wrote in a $150 tip for the delivery Plaintiff Nepomuceno had made to them, but defendants only gave him $20 of that tip.

61.     Plaintiff Nepomuceno was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

62.     On a number of occasions, Defendants required Plaintiff Nepomuceno to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

63.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Nepomuceno regarding overtime and wages under the FLSA and NYLL.

64.     Defendants did not provide Plaintiff Nepomuceno an accurate statement of wages, as required by NYLL 195(3).

65.     Defendants did not give any notice to Plaintiff Nepomuceno, in English and in Spanish (Plaintiff Nepomuceno's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

66.     Defendants required Plaintiff Nepomuceno to purchase "tools of the trade" with his own funds—including a bicycle, a helmet, and a rain coat.

*Plaintiff Juan Carlos Venancio Neoponuceno*

67.     Plaintiff Venancio has been employed by Defendants from approximately December 2017 until on or about February 2018 and from approximately June 2018 until the present date.

68.     Defendants have ostensibly employed Plaintiff Venancio as a delivery worker.

69.     However, Plaintiff Venancio has also been required to spend a significant portion of his work day performing the non-tipped duties described above.

70.     Although Plaintiff Venancio has ostensibly been employed as a delivery worker, he has spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

71.     Plaintiff Venancio has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

72.     Plaintiff Venancio's work duties have required neither discretion nor independent judgment.

73.     Throughout his employment with Defendants, Plaintiff Venancio has regularly worked in excess of 40 hours per week.

74.     From approximately December 2017 until on or about February 2018, Plaintiff Venancio worked from approximately 10:00 a.m. until on or about 7:00 p.m., four days a week and from approximately 10:00 a.m. until on or about 6:00 p.m., two days a week (typically 52 hours per week).

75.     From approximately June 2018 until August 2018, Plaintiff Venancio worked from approximately 5:00 p.m. until on or about 12:00 a.m., Mondays through Wednesdays, from approximately 5:00 p.m. until on or about 3:00 a.m., Thursdays, and from approximately 5:00 p.m. until on or about 5:00 a.m., Fridays and Saturdays (typically 55 hours per week).

76.     From approximately September 1, 2018 until on or about September 30, 2018, Plaintiff Venancio worked from approximately 5:00 p.m. until on or about 12:00 a.m., Mondays through Wednesdays, from approximately 5:00 p.m. until on or about 3:00 a.m., Thursdays, and

from approximately 5:00 p.m. until on or about 6:00 a.m., Fridays and Saturdays (typically 57 hours per week).

77.    From approximately October 2018 until the present date, Plaintiff Venancio has worked from approximately 5:00 p.m. until on or about 12:00 a.m., Mondays through Wednesdays, from approximately 5:00 p.m. until on or about 3:00 a.m., Thursdays, and from approximately 5:00 p.m. until on or about 5:00 a.m., Fridays and Saturdays (typically 55 hours per week).

78.    Throughout his employment, Defendants have paid Plaintiff Venancio his wages in cash.

79.    From approximately December 2017 until on or about February 2018, Defendants paid Plaintiff Venancio $6.00 per hour.

80.    From approximately June 2018 until the present date, Defendants have paid Plaintiff Venancio $7.00 per hour.

81.    Plaintiff Venancio's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

82.    For example, Defendants have required Plaintiff Venancio to work an additional one hour past his scheduled departure time one day a week from approximately December 2017 until on or about February 2018, and did not pay him for the additional time he worked.

83.    Although Defendants granted Plaintiff Venancio thirty-minute breaks, he was always interrupted to either perform a non-delivery duty or to make deliveries.

84.    Plaintiff Venancio has never been notified by Defendants that his tips are being included as an offset for wages.

85.    Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Venancio's wages.

86.     Defendants have withheld a portion of Plaintiff Venancio's tips; specifically, Defendants have withheld a considerable portion of the tips customers write in when he makes big deliveries.

87.     Plaintiff Venancio has not been required to keep track of his time, nor to his knowledge, have the Defendants utilize any time tracking device such as punch cards, that accurately reflects his actual hours worked.

88.     On a number of occasions, Defendants have required Plaintiff Venancio to sign a document, the contents of which he has not been allowed to review in detail, in order to release his weekly pay.

89.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Venancio regarding overtime and wages under the FLSA and NYLL.

90.     Defendants have never provided Plaintiff Venancio an accurate statement of wages, as required by NYLL 195(3).

91.     Defendants have never given any notice to Plaintiff Venancio, in English and in Spanish (Plaintiff Venancio's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

92.     Defendants have required Plaintiff Venancio to purchase "tools of the trade" with his own funds—including a bicycle, a helmet, a vest, three bicycle tires, ten inner tubes, and a basket for pizzas.

*Defendants' General Employment Practices*

93.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours

a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

94.    Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked.

95.    Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and have resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

96.    Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

97.    Defendants have required Plaintiffs and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

98.    Plaintiffs and all similarly situated employees, have ostensibly been employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

99.    Plaintiffs' duties have not been incidental to their occupation as tipped workers, but instead have constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

100.    Plaintiffs and all other tipped workers have been paid at a rate that is lower than the lower tip-credit rate by Defendants.

101.    However, under state law, Defendants are not entitled to a tip credit because the tipped worker's and Plaintiffs' non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

102.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

103.    In violation of federal and state law as codified above, Defendants have classified Plaintiffs and other tipped workers as tipped employees, and have paid them at a rate that is lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

104.    Defendants have failed to inform Plaintiffs that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

105.    Defendants have failed to inform Plaintiffs, that their tips are being credited towards the payment of the minimum wage.

106.    Defendants have failed to maintain a record of tips earned by Plaintiffs who have worked as delivery workers for the tips they have received. Defendants' time keeping system has not reflect the actual hours that Plaintiff Nepomuceno worked.

107.    As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs who have received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice has included depriving delivery worker of a portion of the tips earned during the course of employment.

108.    Defendants have unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

109.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

110.    Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

111.    On a number of occasions, Defendants have required Plaintiffs to sign a document the contents of which they have not been allowed to review in detail.

112.    Defendants have paid Plaintiffs their wages in cash.

113.    Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

114.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) have worked, and to avoid paying Plaintiffs properly for their full hours worked.

115.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

116.    Defendants' unlawful conduct is intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated workers.

117.    Defendants have failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

118.    Defendants have failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

119.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

120.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been

subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

121.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

122.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

124.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

125.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

126.    Defendants have failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

127.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

128.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

129.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

130.    Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

131.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

132.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

133.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

134.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

135.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

136.    Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

137.    Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

138.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

139.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

140.    Defendants' failure to pay Plaintiffs overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

141.    Plaintiffs have been damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

142.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

143.    Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours has exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

144.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours is willful within the meaning of NYLL § 663.

145.    Plaintiffs have been damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

146.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

147.     Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

148.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

149.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

150.     With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

151.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

152.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

153.    Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

154.    Plaintiffs have been damaged in an amount to be determined at trial.

### NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

155.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

156.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

157.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

158.    Defendants have unlawfully misappropriated a portion of Plaintiffs' tips that have been received from customers.

159.    Defendants have knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

Plaintiffs have been damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

160.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

161.    Defendants have not paid Plaintiffs on a regular weekly basis, in violation of NYLL §191.

162.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants have violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants have violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)     Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order are willful as to Plaintiffs;

(n)    Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

December 6, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

December 4, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:               Juan Carlos  Venancio Neoponuceno
Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                 4 de diciembre 2018

_Certified as a minority-owned business in the State of New York_

# Michael Faillace & Associates, P.C.

**Employment and Litigation Attorneys**

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 4, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              MIguel Nepomuceno Valencia

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:              3 de Diciembre 2018

*Certified as a minority-owned business in the State of New York*