Richard M. Hendler
10 Bond Street, Suite 1-218
Great Neck, NY 11021
*Attorney for Defendants*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

─────────────────────────────────────────x
**MIGUEL NEPOMUCENO VALENCIA and** : Index No. 18-CV-11385-RWS
**JUAN CARLOS VENANCIO NEOPONUCENO,**
individually and on behalf of others similarly situated :

                **Plaintiffs,** :

                                      **ANSWER TO**
-against-                                   :   **COMPLAINT**

**DOUGHBOYS OF 3RD AVE, INC. (d/b/a DOUGH** :
**BOYS PIZZA), DOUGH BOYS PIZZA OF NYC INC.**
**(d/b/a DOUGH BOYS PIZZA), VAN SELVARAJAH,** :
**MARCUS LOREN, DUSHANTA N. LAKSHANI**
**KANNANGARA, VENI DOE, and INFAS DOE,** :

                **Defendants.** :
─────────────────────────────────────────x

      Defendants referenced above (the "Defendants"), by their attorney, Richard M. Hendler, hereby answer the Complaint (the "Complaint") of Plaintiffs Miguel Nepomuceno Valencia and Juan Carlos Venancio Neoponuceno (the "Plaintiffs"):

## NATURE OF ACTION

    1.     Defendants admit in paragraph 1 that they were former employees.

    2.     Defendants admit paragraph 2 except that Van Selvarajah is an independent contractor and Dushanta Lakshani is a manager.

    3.     Defendants deny each and every allegation of paragraph 3.

    4.     Defendants admit paragraph 4.

## PARTIES

5. Defendants deny each and every allegation of paragraph 5.

6. Defendants deny each and every allegation of paragraph 6.

7. Defendants deny each and every allegation of paragraph 7.

8. Defendants deny each and every allegation of paragraph 8.

9. Defendants deny each and every allegation of paragraph 9.

10. Defendants deny each and every allegation of paragraph 10.

11. Defendants deny each and every allegation of paragraph 11.

12. Paragraph 12 states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of paragraph 12.

13. Defendants deny each and every allegation of paragraph 13.

14. Defendants deny each and every allegation of paragraph 14.

15. Defendants deny each and every allegation of paragraph 15.

16. Defendants deny each and every allegation of paragraph 16.

17. Defendants deny each and every allegation of paragraph 17.

18. Paragraph 18 states narrative for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of paragraph 18.

## JURISDICTION AND VENUE

19. Defendants admit paragraph 19.

20. Defendants admit paragraph 20.

## PARTIES

*Plaintiffs*

21. Defendants admit paragraph 21.

22. Defendants admit paragraph 22.

23. Defendants admit paragraph 23.

24. Defendants deny paragraph 24.

25. Defendants deny each and every allegation of paragraph 25.

26. Defendants admit paragraph 26 except that landlord's name is incorrect.

27. Defendants admit paragraph 27.

28. Defendants deny each and every allegation of paragraph 28.

29. Defendants deny knowledge of information to form a belief of paragraph 29.

30. Defendants admit paragraph 30.

31. Defendants admit paragraph 31.

32. Defendants admit paragraph 32.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

33. Defendants admit paragraph 33 that Dough Boys operates the pizzeria.

34. Defendants deny each and every allegation of paragraph 34.

35. Defendants deny each and every allegation of paragraph 35.

36. Defendants deny each and every allegation of paragraph 36.

37. Defendants deny each and every allegation of paragraph 37.

38. Defendants deny each and every allegation of paragraph 38.

39. Defendants deny each and every allegation of paragraph 39.

40. Defendants deny each and every allegation of paragraph 40.

41. Defendants deny each and every allegation of paragraph 41.

42. Defendants deny each and every allegation of paragraph 42.

*Individual Plaintiffs*

43. Defendants admit paragraph 43.

44. Paragraph 44 states narrative for which no answer is required.  To the extent that an answer is required, Defendant denies the allegations of paragraph 44.

*Plaintiff Miguel Nepomuceno Valencia*

45. Defendants admit paragraph 45.

46. Defendants admit paragraph 46.

47. Defendants deny each and every allegation of paragraph 47.

48. Defendants deny each and every allegation of paragraph 48.

49. Defendants deny each and every allegation of paragraph 49.

50. Defendants admit paragraph 50.

51. Defendants deny each and every allegation of paragraph 51.

52. Defendants deny each and every allegation of paragraph 52.

53. Defendants admit paragraph 53.

54. Defendants deny each and every allegation of paragraph 54.

55. Defendants deny each and every allegation of paragraph 55.

56. Defendants deny each and every allegation of paragraph 56.

57. Defendants deny each and every allegation of paragraph 57.

58. Defendants deny each and every allegation of paragraph 58.

59. Defendants deny each and every allegation of paragraph 59.

60. Defendants deny each and every allegation of paragraph 60.

61. Defendants deny each and every allegation of paragraph 61.

62. Defendants deny each and every allegation of paragraph 62.

63. Defendants deny each and every allegation of paragraph 63.

64. Defendants deny each and every allegation of paragraph 64.

65. Defendants deny each and every allegation of paragraph 65.

66. Defendants deny each and every allegation of paragraph 66.

*Plaintiff Juan Carlos Venancio Neoponuceno*

67. Defendants deny paragraph 67 except admit that they worked from December 2017 to February 2018 and from September 2018 to November 2018.

68. Defendants admit paragraph 68.

69. Defendants deny each and every allegation of paragraph 69.

70. Defendants deny each and every allegation of paragraph 70.

71. Defendants deny each and every allegation of paragraph 71.

72. Defendants deny each and every allegation of paragraph 72.

73. Defendants deny each and every allegation of paragraph 73.

74. Defendants deny each and every allegation of paragraph 74.

75. Defendants deny each and every allegation of paragraph 75.

76. Defendants deny each and every allegation of paragraph 76.

77. Defendants deny each and every allegation of paragraph 77.

78. Defendants admit paragraph 78.

79. Defendants deny each and every allegation of paragraph 79.

80. Defendants deny each and every allegation of paragraph 80.

81. Defendants deny each and every allegation of paragraph 81.

82. Defendants deny each and every allegation of paragraph 82.

83. Defendants deny each and every allegation of paragraph 83.

84. Defendants deny each and every allegation of paragraph 84.

85. Defendants deny each and every allegation of paragraph 85.

86. Defendants deny each and every allegation of paragraph 86.

87. Defendants deny each and every allegation of paragraph 87.

88. Defendants deny each and every allegation of paragraph 88.

89. Defendants deny each and every allegation of paragraph 89.

90. Defendants deny each and every allegation of paragraph 90.

91. Defendants deny each and every allegation of paragraph 91.

92. Defendants deny each and every allegation of paragraph 92.

*Defendants' General Employment Practices*

93. Defendants deny each and every allegation of paragraph 93.

94. Defendants deny each and every allegation of paragraph 94.

95. Defendants deny each and every allegation of paragraph 95.

96. Defendants deny each and every allegation of paragraph 96.

97. Defendants deny each and every allegation of paragraph 97.

98. Defendants deny each and every allegation of paragraph 98.

99. Defendants deny each and every allegation of paragraph 99.

100. Defendants deny each and every allegation of paragraph 100.

101. Paragraph 101 states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of paragraph 101.

102. Defendants admit paragraph 102.

103. Defendants deny each and every allegation of paragraph 103.

104. Defendants deny each and every allegation of paragraph 104.

105. Defendants deny each and every allegation of paragraph 105.

106. Defendants deny each and every allegation of paragraph 106.

107. Defendants deny each and every allegation of paragraph 107.

108. Defendants deny each and every allegation of paragraph 108.

109. Paragraph 109 states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of paragraph 109.

110. Defendants deny each and every allegation of paragraph 110.

111. Defendants deny each and every allegation of paragraph 111.

112. Defendants admit paragraph 112.

113. Defendants deny each and every allegation of paragraph 113.

114. Defendants deny each and every allegation of paragraph 114.

115. Defendants deny each and every allegation of paragraph 115.

116. Defendants deny each and every allegation of paragraph 116.

117. Defendants deny each and every allegation of paragraph 117.

118. Defendants deny each and every allegation of paragraph 118.

## **FLSA COLLECTIVE ACTION CLAIMS**

119. Paragraph 119 provides narrative for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of paragraph 119.

120. Paragraph 120 states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of paragraph 120.

121. Paragraph 121 provides narrative for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of paragraph 121.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

122. Defendants repeat, reiterate, and reallege each and every admission and denial heretofore made in paragraphs 1 - 121 as set forth therein with the same force and effect as if more fully set forth herein.

123. Defendants deny each and every allegation of paragraph 123.

124. Defendants deny each and every allegation of paragraph 124.

125. Defendants deny each and every allegation of paragraph 125.

126. Defendants deny each and every allegation of paragraph 126.

127. Defendants deny each and every allegation of paragraph 127.

128. Defendants deny each and every allegation of paragraph 128.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

129. Defendants repeat, reiterate, and reallege each and every admission and denial heretofore made in paragraphs 1 - 128 as set forth therein with the same force and effect as if more fully set forth herein.

130. Defendants deny each and every allegation of paragraph 130.

131. Defendants deny each and every allegation of paragraph 131.

132. Defendants deny each and every allegation of paragraph 132.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

133. Defendants repeat, reiterate, and reallege each and every admission and denial heretofore made in paragraphs 1 - 132 as set forth therein with the same force and effect as if more fully set forth herein.

134. Defendants deny each and every allegation of paragraph 134.

135. Defendants deny each and every allegation of paragraph 135.

136. Defendants deny each and every allegation of paragraph 136.

137. Defendants deny each and every allegation of paragraph 137.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

138. Defendants repeat, reiterate, and reallege each and every admission and denial heretofore made in paragraphs 1 - 137 as set forth therein with the same force and effect as if more fully set forth herein.

139. Defendants deny each and every allegation of paragraph 139.

140. Defendants deny each and every allegation of paragraph 140.

141. Defendants deny each and every allegation of paragraph 141.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

142. Defendants repeat, reiterate, and reallege each and every admission and denial heretofore made in paragraphs 1 - 141 as set forth therein with the same force and effect as if more fully set forth herein.

143. Defendants deny each and every allegation of paragraph 143.

144. Defendants deny each and every allegation of paragraph 144.

145. Defendants deny each and every allegation of paragraph 145.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS

## OF THE NEW YORK LABOR LAW

146. Defendants repeat, reiterate, and reallege each and every admission and denial heretofore made in paragraphs 1 - 145 as set forth therein with the same force and effect as if more fully set forth herein.

147. Defendants deny each and every allegation of paragraph 147.

148. Defendants deny each and every allegation of paragraph 148.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

149. Defendants repeat, reiterate, and reallege each and every admission and denial heretofore made in paragraphs 1 - 148 as set forth therein with the same force and effect as if more fully set forth herein.

150. Defendants deny each and every allegation of paragraph 150.

151. Defendants deny each and every allegation of paragraph 151.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

152. Defendants repeat, reiterate, and reallege each and every admission and denial heretofore made in paragraphs 1 - 151 as set forth therein with the same force and effect as if more fully set forth herein.

153. Defendants deny each and every allegation of paragraph 153.

154. Defendants deny each and every allegation of paragraph 154.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

155. Defendants repeat, reiterate, and reallege each and every admission and denial heretofore made in paragraphs 1 - 154 as set forth therein with the same force and effect as if more fully set forth herein.

156. Defendants deny each and every allegation of paragraph 156.

157. Defendants deny each and every allegation of paragraph 157.

158. Defendants deny each and every allegation of paragraph 158.

159. Defendants deny each and every allegation of paragraph 159.

## TENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK COMMISSIONER OF LABOR

160. Defendants repeat, reiterate, and reallege each and every admission and denial heretofore made in paragraphs 1 - 159 as set forth therein with the same force and effect as if more fully set forth herein.

161. Defendants deny each and every allegation of paragraph 161.

162. Defendants deny each and every allegation of paragraph 162.

163. Defendants deny that Plaintiffs are entitled to any of the relief demanded in the PRAYER FOR RELIEF immediately following Paragraph 162 or any other relief. Defendants further deny each and every allegation in the Complaint not specifically admitted herein.

## DEFENDANTS' AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Cause of Action)**

164. The Complaint, and each claim purported to be alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

165. The Complaint, and each claim purported to be alleged therein, is barred by the applicable statutes of limitations under the applicable federal and state laws.

### THIRD AFFIRMATIVE DEFENSE
**(Failure to Mitigate)**

166. Plaintiffs are not entitled to damages, to the extent that she failed to mitigate her alleged damages.

## FOURTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

167. If Plaintiffs sustained any injury, damage, or loss by reason of any act, error, or omission on the part of Defendants, said injury, damage, or loss must be reduced on the basis of comparative fault or negligence of Plaintiffs, which contributed to and proximately caused any such injury, damage, or loss.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

168. The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

169. The Complaint, and each claim purported to be alleged therein, is barred to the extent Plaintiffs had unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

170. The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by judicial, equitable, and/or collateral estoppel.

## EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

171. The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE
### (Offset)

172. To the extent Plaintiffs have received other benefits and/or awards attributable to an injury for which he seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, any award he receives here for the same injury.

## TENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

173. Plaintiffs lack standing to prosecute the claims purported to be alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Good Faith)

174. Defendants have at all times acted in good faith and had reasonable grounds for believing that its pay practices complied with federal and state law.

## TWELFTH AFFIRMATIVE DEFENSE
### (Jury Trial)

175. Plaintiffs are entitled to a jury trial only as to those issues for which a jury trial is permitted by the FLSA.

Dated: Great Neck, NY
       February 7, 2019

RICHARD M. HENDLER, ESQ.

By: */s/ Richard M. Hendler*
    _____
    Richard M. Hendler (rh2993)

    10 Bond Street, Suite 1-218
    Great Neck, NY 10012
    (516) 984.6900

    Attorney for Defendants

## **CERTIFICATION**

  I certify that the matter in controversy is not the subject of any other court or arbitration proceeding, and no such proceeding is contemplated. Upon information and belief, no other party should be joined in this proceeding at this time and until discovery verifies the alleged acts and actions of other and further parties to be thereupon joined as additional defendant in this litigation.

  I further certify that this pleading has been served and filed within the time and manner prescribed by the Rules of the Court.

Dated: Great Neck, NY
    February 7, 2019

              */s/ Richard M. Hendler*
          By:_____
             Richard M. Hendler (rh2993)
             Attorney for Defendants

## **RESERVATION OF RIGHTS**

Defendants reserve the right to file such specific amendments as are applicable hereinafter in this action and/or as the same are subsequently discovered and identified.

Dated: Great Neck, NY
February 7, 2019

> */s/ Richard M. Hendler*
> By:_____
> Richard M. Hendler (rh2993)
> Attorney for Defendants