# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

cerrington@faillacelaw.com

August 20, 2021

**BY ECF**

Hon. John J. Koeltl  
United States District Judge  
United States District Court  
Southern District of New York  
40 Foley Square  
New York, New York 10007

Re: Nepomuceno Valencia et al v. Doughboys of 3rd Ave, Inc. et al  
Index No.: 18-cv-11385

*[Handwritten annotation: The settlement agreement, including the provision for attorney's fees is approved as fair and reasonable. The parties are directed to submit a proposed stipulation dismissing the case. So ordered. /s/ John G. Koeltl, U.S.D.J. 9/14/21]*

Your Honor:

This office represents Plaintiffs in the above-referenced matter. Plaintiffs write to submit their views on why the agreed upon settlement in this matter is fair and reasonable.

The parties have agreed to a Settlement Agreement ("Agreement") after extensive settlement discussions and several mediation sessions with a court-appointed mediator, Terrance J. Nolan. A copy of the proposed Agreement is attached hereto as "Exhibit A." We respectfully request the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015).

**1. Background**

On or about December 6, 2018, Plaintiffs, commenced an action in the United States District Court for the Southern District of New York, under docket number 18-cv-11385 ("the Action"). In their Complaint, Plaintiffs alleged claims for, *inter alia*, unpaid minimum wages, unpaid overtime compensation, the failure to provide wage notices and accurate wage statements, and the recovery of equipment costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL").

Plaintiffs were employed by Defendants at a restaurant doing business under the name "Doughboys Pizzeria". Plaintiffs allege, *inter alia*, that Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of forty hours per week without paying them the proper minimum wage and overtime compensation required by federal and state laws. All Plaintiffs were paid on a tip-credited hourly rate. Plaintiffs maintained, however, that they were entitled to receive full minimum wage for all hours worked as they allegedly spent in excess of

20% of their day, or two hours each day (whichever is less), performing non-tipped tasks, which allegedly included preparing and baking pizza, handing pizzas to customers, frying chicken and mozzarella sticks, cutting and preparing vegetables, cleaning the bathrooms, garbage bins, and windows, sweeping the main floor, the front, and basement, mopping, deconstructing and tying boxes, organizing new inventory, washing dishes, bringing up items from the basement for the pizza makers, dishwashing, preparing dough for the pizzas, and cleaning the sidewalk.

Defendants categorically deny the allegations in the Complaints in both the Original Action and the Settlement Action.

## 2. Settlement Terms

Plaintiffs allege they were entitled to back wages of approximately $102,825.56. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." The parties have agreed to settle this action for the total sum of $22,000.00 Allocations for the individual Plaintiffs are provided for at paragraph 1 in the Agreement (Exhibit A).

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Defendants indicated that they were and are financially strained due to the ongoing COVID-19 pandemic. Given their precarious financial situation, Plaintiffs have elected to take the settlement amount rather than risk being unable to collect any judgment they may receive.

## 3. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreement with Plaintiffs, Plaintiffs' counsel will receive $7,333.33 from the settlement fund as attorneys' fees and costs. This represents approximately one third of the recovery in this litigation (inclusive of costs) as well as a reduction in fees from what is identified in Plaintiffs' retainer agreements, which provide that forty percent of Plaintiffs' recovery will be retained by the firm plus costs.

Plaintiffs' counsel's lodestar in this case is $7,134.50 and Plaintiffs' costs are $1,100.00 A copy of Plaintiffs' billing record is attached as "Exhibit C." The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—

particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC*, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiffs' counsel's significant experience in representing plaintiffs in wage and hour matters, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

   i. Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by the Practicing Law Institute, and other employment law publications and presentations. Mr. Faillace's work is billed at the rate of $450.00 per hour, which is his standard billing rate for matters paid on an hourly basis.
   ii. Paul Hershan is a former associate at Michael Faillace & Associates, P.C. He graduated from Fordham University School of Law in 2012. Following law school, he gained extensive trial and appellate litigation experience in the field of criminal law. Paul served as an Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael Faillace & Associates, P.C. in April of 2018. His work is billed at the rate of $350 per hour.
   iii. Finn Dusenbery is a former associate at Michael Faillace & Associates, P.C. He graduated from Brooklyn Law School in 2012. Following law school, he worked as a solo practitioner for about five years, mainly representing employees in wage and hour and discrimination cases. Subsequently, Finn worked for a plaintiffs'-side wage and hour class action firm from 2018 to 2019 and then joined Michael Faillace & Associates, P.C. His work is billed at $275 per hour.
   iv. Clela A. Errington is an associate at Michael Faillace & Associates, P.C. She is a 2012 graduate of New York University School of Law. She began her career at a series of small law firms focusing on labor and employment law, followed by several years providing litigation support to large law firms. She returned to litigation in 2019, joining

Page 4

        the Jones Law Firm, P.C., and joined Michael Faillace & Associates in 2020. Her work is billed at the rate of $350 per hour and indicated by the initials "CE."

        Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. Plaintiffs thank the Court for its time and consideration of this matter.

        Respectfully submitted,

/s_____
Michael Faillace & Associates
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiffs*

cc:    All counsel via ECF
       *Attorneys for Defendants*

Attachments

3760075.1